IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**PATRICK RIVERA,**

       **Plaintiff,**

v.                                                                                            CIV. No. 00-0125 LH/DJS

**BERNALILLO COUNTY,**
**JUAN VIGIL, County Manager,**
**ART DELACRUZ, Director,**

**and**

**AFSCME COUNCIL 18,**
**JOE CHAVEZ, Council President,**
**AMANDA M. VESEY, Council Representative,**
**AFSCME LOCAL 1461,**
**TOM CRUZ, Local President,**

       **Defendants.**


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Union's[1] Motion to Dismiss (Docket No. 14). This motion seeks dismissal of Counts I, V, and VI of the complaint. For the reasons that follow, the Court, having reviewed the applicable case law and briefs of all parties, including the response to this motion filed by the County Defendants, concludes that this motion

---

[1] This motion is filed on behalf of Defendants American Federation of State, County, and Municipal Employees Council 18; Joe Chavez, Council President; Amanda M. Vesey, Council Representative; AFSCME LOCAL 1461, and Tom Cruz, Local President. (hereafter collectively referred to as "the Union"),

shall be **granted in part and denied in part.**  Specifically, the Union's motion is granted as to Counts V and VI.  These two counts of the complaint shall be dismissed, and Count I shall remain in the lawsuit.

Plaintiff's suit was filed following his termination of employment with Bernalillo County ("the County").  He asserts the following claims against the Union:  Count I (denial of due process); Count IV  (breach of contract); Count  V (breach of duty of fair representation and negligence);  and, Count VI (unauthorized practice of law or professional malpractice).[2]  Plaintiff also asserts claims against the County Defendants for violation of due process rights, and breach of express and implied contract rights.

**Standards for a Motion to Dismiss**

Generally, motions to dismiss for failure to state a claim are viewed with disfavor and are therefore rarely granted.  5A CHARLES ALAN WIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1990).  In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and take the allegations asserted in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A court should not grant a motion to dismiss for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir. 1996).  The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff.

---

[2] This complaint is sloppily drafted and obviously was not proofread.  Although it contains Counts I and III,  it contains no Count II.

*Id.* All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Jojola v. Chavez*, 55 F.3d 488, 494, n.8 (10th Cir. 1995)(*citing Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984)). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. at 236.

**Count I -- State Action Issue**

To state a claim under 42 U.S.C. § 1983, a claimant must show (1) deprivation of a right secured by the federal constitution or federal laws; and, (2) that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this instance, the constitutional violation Plaintiff alleges is that of his due process rights under the Fourteenth Amendment. The Union seeks dismissal of this claim on the grounds that it is not a state actor, and thus cannot be held liable under 42 U.S.C. § 1983.

The Union argues that "[a]bsent some concert of action between a union and the state, a union's actions do not constitute state action." (Mem. in Supp. of Def. Union's Mot. to Dismiss at 6.) Contrary to the Union's assertions however, state action is a necessary element of the prima facie § 1983 cause of action. It is not a jurisdictional prerequisite but rather, an element going to the merits of the case.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West v. Atkins*, 487 at 49(*quotations omitted*). The state action requirement reflects recognition of the fact that

constitutional rights are protected only against infringement by the government. *United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 906 (4th Cir. 1995).

The Supreme Court has set out several tests to determine whether even nominally private conduct is to be treated as if it were state action. 1 SHELDON H. NAHMOD, CIVIL RGHTS AND CIVIL LIBERTIES LITIGATION, THE LAW OF SECTION 1983) §§ 2:4-2:10 (4TH ED. 1999). This flexible approach to the state action doctrine applies a variety of tests to the facts of each case. For example, without deciding the merits of this issue, I note that even a private person can be liable under § 1983 if he or she is a willful participant in joint activity with the State or its agents. *Adickes v S.H. Kress & Co.* 398 U.S. 144, 152 (1970). The proper defendants in a § 1983 action are those who represent the state in some capacity. *See Jojola v. Chavez*, 55 F.3d at 492. However, "it is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.' " *Id*. at 494. In other words, before a private party's actions can be considered state action, there must be a sufficiently close nexus between the state and the private conduct, so that the state is somehow responsible for the alleged misconduct of the private parties. *Id.; see also Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982).

These tests to determine state action are necessarily applied on a case-by-case basis and involve factual determinations. "Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961). Accordingly, such a determination on the merits of this issue is premature at this time, given the absence in the record of any factually based documents, such as affidavits, deposition, and the like.

The motion before the Court merely seeks review of the complaint for sufficiency of allegations under Rule 12(b)(6).  For this purpose, I conclude that the Plaintiff's complaint alleges enough specificity to indicate potential joint action between the Union and the County, in that Count I  alleges that the conduct of these parties, as described in that count, violated Plaintiff's due process rights.[3]  Paragraph 54 specifically states that the Union and the County acted together to deny Plaintiff his right to a fair hearing.

For these reasons, the Union's motion to dismiss Count I is denied.

### Count V –   Breach of Duty of Fair Representation and Negligence

Paragraph 56 of the complaint alleges that the Union "breached its duty of fair representation and acted negligently and without due regard for Plaintiff's rights and interests with respect both to the County's two day suspension of Plaintiff and his termination of employment."  Plaintiff characterizes this as a "hybrid" action. (Pltf's Opp. to Union's Mot. to Dismiss at 10).  I interpret this to mean that it is actually comprised of two causes of action:  an action against the employer under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185( ("LMRA"), and an action against the Union for breach of the duty of fair representation, which is implied under the scheme of the National Labor Relations Act.  *DelCostello v. International Broth.. of Teamsters*, 462 U.S. 151, 164 (1983).  To prevail against either party, the employee must prove both that the employer violated the collective bargaining agreement and that the union breached its duty.   "[T]he two claims are inextricably interdependent".  *Id.*

---

[3]  For purposes of this analysis, the Court assumes that Paragraph 33 erroneously states that "the *City* and the union are required to provide due process....", and that this sentence should have mentioned the County, rather than the City.

The Union contends that it represents state public employees and that there is no legal basis for Plaintiff to bring a claim against it for breach of the duty of fair representation.

The LMRA allows for suits for "violation of contracts between an employer and a labor organization representing employees". 29 U.S.C. § 185. The Act specifically excludes political subdivisions from its definition of "employer." *See* 29 U.S.C. § 142(3) (incorporating definition of "employer" from 29 U.S.C. § 152(2).[4] The parties do not contest that the County of Bernalillo is a political subdivision; it therefore cannot be an "employer" under the LMRA. It necessarily follows that Plaintiff is not an "employee" because he does not work for any "employer".[5] Because Plaintiff is not an "employee" under the Act, he is not therefore is entitled to sue his union under the NLRA for a breach of the duty of fair representation. *See Roberts v. East Lyme Board of Education*, 173 F.3d 846 (2d Cir. 1999)(unpublished opinion). Employees of political subdivisions are excluded from coverage under the Act. *See Crilly v. Southeastern Pennsylvania Transp. Authority*, 529 F.2d 1355 (3rd Cir. 1976).

The Plaintiff argues that because the Tenth Circuit has imposed the private sector duty on federal unions,[6] that this claim should be allowed against a political subdivision of a state. Plaintiff cites no direct authority for this argument. In *Truman Medical Centerv. N.L.R.B.*,[7] the Board

---

[4] "The term 'employer' . . . shall not include ... any State or political subdivision thereof...." 29 U.S.C. § 152(2).

[5] "The term 'employee' ... shall not include ... any individual employed ... by any other person who is not an employer as herein defined." 29 U.S.C. § 152(3).

[6] See *Pham v. American Federation of Government Employees*, 799 F.2d 634 (10th Cir. 1986) and *American Federation of Government Employees, AFL-IO, Local 916 v. Federal Relations Authority,* 812 F.2d 1326 (10th Cir. 1987).

[7] 239 N.L.R.B. 1067, 100 L.R.R.M. 1102 (1978) and 247 N.L.R.B. 396, 103 L.R.R.M. 1168 (1980), *enforced*, 641 F.2d 570, 106 L.R.R.M. 2698 (8th Cir. 1981).

noted that the clear language of the Act, by excluding from the definition of employer "any state or political subdivision thereof," makes clear that the exclusion applies only to political subdivisions of the states and not to subdivisions of the federal government.

Generally, there is a shortage of authority on this topic, however I am convinced by the reasoning of the *Roberts* and *Crilly* cases cited above, and accordingly conclude that, given the interdependence of the two aspects of this claim, Plaintiff cannot succeed on this claim, and accordingly Count V shall be dismissed.

### **Count VI –  Unauthorized Practice of Law or Professional Malpractice**

Plaintiff alleges in Count VI that the Union, Mr. Cruz and Ms. Vesey, albeit non-attorneys, as a result of their lack of training, experience and competence, failed to act as or provide competent counsel to Plaintiff, and are therefore liable for either professional malpractice or for practicing law without authorization. These are pendent state law claims and therefore must be evaluated under the law of the State of New Mexico.

None of the named Defendants under Count VI is an attorney; accordingly a claim for legal malpractice cannot lie against any of them. *See Delta Automatic Systems, Inc. v. Bingham*, 126 N.M. 717, 723 (Ct. App. 1998).   Furthermore, the Union is correct that a claim for "unauthorized practice of law" is not a civil cause of action.  Rather, such conduct may constitute a violation of the Rules of Professional Conduct if committed by an attorney, or may be a criminal offense, under N.M.S.A. § 36-2-27 (Michie  2000 Cum. Supp.) and § 36-2-28 (Michie 1991 Rep. Pamp.).

Because Count VI does not state a civil cause of action that is recognized by New Mexico

7

law, as to the Defendants named therein, it shall be **dismissed.**  These claims are spurious at best. Plaintiff's counsel is cautioned, in the future,  under the confines of Rule 11, to review basic and rudimentary New Mexico law to avoid the filing of such baseless claims.

**IT IS, THEREFORE, ORDERED** that  the Defendant Union's Motion to Dismiss (Docket No. 14), is **granted in part and denied in part.**  Specifically, this motion is granted as to Counts V and VI and these two counts are **dismissed in their entirety.**   This motion is denied as to Count I, which shall remain in the case.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**